IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Marla C. Martin, | ) | Case: 24-13368 |
| | ) | Honorable Michael B Slade |
| | ) | |
| Debtor | ) | |

## DEBTOR'S RESPONSE TO CORONA INVESTMENTS, LLC'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

NOW COMES the Debtor, Marla C. Martin, by and through her attorneys, The Semrad Law Firm, LLC, and submits the following response to the Objection to Confirmation of Chapter 13 Plan filed by Corona Investments, LLC ("Corona"):

1. Debtor does not dispute the factual allegations contained in paragraphs 1 through 11 of Corona's Objection (hereinafter, the "Objection").

2. Debtor disputes the allegation set forth in paragraph 12 of the Objection.

3. Debtor does not dispute paragraphs 13 through 15 of the Objection.

4. Paragraphs 16 through 20 raise issues that Corona, as a secured creditor, lacks standing to assert in an objection to confirmation. Courts have consistently held that a secured creditor's right to object is limited to matters that directly affect its own claim. Corona is objecting to Debtor's treatment of *other* creditors, something it cannot do. Relevant case law both within this Circuit and outside are below.

    - *In re Montoya*, 341 B.R. 41 (Bankr. D. Utah 2006). The court held that "[a] secured creditor's standing to object to confirmation is limited to issues that affect its rights directly." Secured creditors cannot object based on

      disposable income or plan feasibility because those issues do not impact their claims.

- *In re Jager*, 344 B.R. 349 (Bankr. D. Colo. 2006). The court found that secured creditors are "not entitled to raise objections related to other creditors or the debtor's disposable income." These objections fall within the purview of the Chapter 13 trustee.

- *In re Coleman*, 373 B.R. 907 (Bankr. W.D. Wis. 2007). A secured creditor may only object to confirmation where "the plan proposes to alter the treatment of its secured claim in violation of §1325(a)(5)." Here, there is a limited issue regarding Corona's rights as they pertain to § 1325(a)(5), none of which are brought up in lines 16-20

- *In re Russell*, 458 B.R. 731 (Bankr. E.D. Wis. 2011). The Court said "A secured creditor's standing is limited to objecting to the treatment of its claim. It lacks standing to object to confirmation based on issues like feasibility or disposable income that do not directly impact its rights."

5. Debtor contends that paragraph 21 of the Objection is partially inaccurate. The Debtor may treat Corona's claim under either Section 3.2 or 3.3 of the Plan, provided such treatment complies with 11 U.S.C. § 1325(a)(5).

6. Paragraph 22 of the Objection offers no legal authority or statutory basis to support the claim that bifurcation of Corona's claim is impermissible. Corona has cited neither the Bankruptcy Code nor relevant case law.

7. In paragraphs 23 through 26, Corona asserts that the interest rate applicable to its entire claim should be 18% per annum, based on 35 ILCS 200/21-15. Debtor does not dispute

that this statute, when read in conjunction with 11 U.S.C. § 511, is the appropriate reference point for determining the applicable interest rate. However, the statute explicitly states:

> "the unpaid *taxes* shall bear interest at the rate of (i) 1.5% per month, or portion thereof, if the unpaid taxes are for a tax year before 2023" (35 ILCS 200-21-15, emphasis added).

This provision pertains specifically to **unpaid taxes**, not to accrued interest or other charges. Accordingly, interest should apply only to the base amount of unpaid taxes, not to any additional interest or fees. This is the crux of the Debtor's treatment of Corona's claim.

8. The relevant statute does not allow a creditor (or the County itself, for that matter) to charge interest on top of accrued interest. The statute only determines interest on unpaid taxes themselves, not any fees or interest that has accrued since the taxes were left unpaid.

9. In fact, Cook County's claim (Claim #1) supports this interpretation. The interest calculated in its claim attachment is *simple* interest for each tax year. They are **not** calculated as compounding starting from each discrete year of taxes that were unpaid.

10. Debtor asserts that requiring her to pay interest on the interest portion of Corona's claim imposes a burden not mandated by the Bankruptcy Code. The plain language of 35 ILCS 200/21-15 limits interest accrual to the principal tax debt only.

11. Regarding paragraph 27, the objection is inappropriate as Corona applied its overbid funds to cover other years of unpaid taxes. The Debtor does not dispute that Corona had the right to make such application.

12. Debtor disputes paragraphs 28 through 32 of the Objection. Again, Corona improperly raises feasibility objections, which, as established above, are outside the scope of its standing. See *supra*, *In re Russell*.

13. In summary, the vast majority of Corona's Objection addresses issues that fall outside its permissible grounds for objection. The only matter properly before the Court is whether the treatment of the unpaid tax principal—subject to 18% interest—is proper under the Plan. Debtor has clearly and appropriately addressed this in her proposed treatment.

WHEREFORE, Debtor respectfully requests that this Honorable Court:

1. Overrule Corona Investments, LLC's Objection to Confirmation of Debtor's Chapter 13 Plan;

2. Confirm the Chapter 13 Plan filed on April 28, 2025; and

3. Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
Marla C. Martin, Debtor
By: Thomas Nield, her attorney

The Semrad Law Firm, LLC
11101 S. Western Ave
Chicago, IL 60643
Phone: (312) 256-8757
Fax: (312) 680-1675